# Will of Steven Preslar

I, Steven Preslar, of Klamath Falls, Oregon, declare that this is my Will and revoke all prior Wills and Codicils.

## ARTICLE 1
## FAMILY

1.1   SPOUSE. I am married to Golda Preslar

2.2   DESCENDANTS. I have five living children and two stepchildren, namely:

Sherri Prock
Pam House
Lisa Ingram
Steve Preslar
Angie Bartlett
Tina Snider
Scott Jones

When referring to my children I am referring to my biological and stepchildren as my children.

## ARTICLE 2
## LEGAL REPRESENTATIVES

2.1   PERSONAL REPRESENTATIVE. I name my wife Golda Preslar, as my personal representative. In the event that my wife, Golda, is unable or unwilling to act as my personal representative, I name my daughter Sherri Prock as my personal representative.

## ARTICLE 3
## SPECIFIC GIFTS AND SPECIAL DIRECTIONS

3.1   TANGIBLE PERSONAL PROPERTY. I give to my wife, Golda Preslar any interest I have in household goods and furnishings, personal vehicles, recreational equipment, clothing, jewelry, personal effects, animals, and other tangible personal property for personal or household use, together with any insurance on this property as all personal property I wanted my children to have has previously been given to them prior to my passing. If Golda does not survive me, I leave all interest in the above-mentioned personal property to all seven of my children in equal shares.

3.2   COSTS OF PACKING AND SHIPPING. I direct my personal representative to pay as an expense of my estate all reasonable costs for packing, insuring, and delivering any tangible personal property to any beneficiary.

///

## ARTICLE 4
## RESIDUE

4.1   DISTRIBUTION.  I give the residue of my estate to my wife. In the event my wife, Golda, does not survive me I leave the residue of my estate in equal shares to all seven of my children.

## ARTICLE 5
## PERSONAL REPRESENTATIVE

5.1   NO BOND REQUIRED.  No bond shall be required of any individual named in this Will as my personal representative.

5.2   POWERS. I give my personal representative all powers conferred on a personal representative by Oregon law as now existing or later amended, whether or not those powers are exercised in Oregon.

5.3   TRANSFER TO CUSTODIAN. To the extent permitted by Oregon law, if any interest passes under this Will to a person under the age of 18, I authorize my personal representative to transfer that interest to a custodian for that person under the Oregon Uniform Transfers to Minors Act until the person attains the age of 18 years.

## ARTICLE 6
## GENERAL ADMINISTRATIVE PROVISIONS

6.1   SURVIVORSHIP.  Any beneficiary under my Will shall be considered to survive me only if the beneficiary is living on the ninetieth day after the date of my death.

6.2   DESCENDANTS. "Descendants" means all naturally born or legally adopted descendants of the person indicated. Distribution to a person's descendants by "right of representation" means a division into equal shares, counting one share for each living child and one share for each deceased child who leaves one or more then surviving descendants. Each living child receives one share. The share of each deceased child passes by right of representation to his or her then surviving descendants.

6.3   DIRECTION TO PAY TAXES.  Except as otherwise provided in the following section, I direct my personal representative to pay out of the residue of my estate, without apportionment, all estate, inheritance, and other death taxes (including interest and penalties) payable by reason of my death on property passing under this Will. If the residue is insufficient to pay all such death taxes, the excess shall be apportioned according to Oregon law.  All death taxes on property not passing under this Will shall be apportioned according to Oregon law.

6.4   DEBTS AND EXPENSES. Except as otherwise provided in the following section, I direct my personal representative to pay out of the residue of my estate, without apportionment, all debts of mine as they come due, expenses of my last illness and funeral, and expenses incurred in administering or distributing my estate.

6.5    COLLECTION OF DEBTS AND EXPENSES FROM TRUSTEE. If the trust described in section 4.1 is in existence at my death, my personal representative may collect from the trustee of the trust any amounts which my trustee is authorized to pay out of the trust estate for debts of mine as they come due, expenses of my last illness and funeral, and expenses incurred in administering or distributing my estate.

6.6    ELECTIONS, DECISIONS, AND DISTRIBUTIONS. I authorize my personal representative and my trustee, if any, to make any election or decision available to my estate or trust under federal or state tax laws, to make pro rata or non-pro rata distributions without regard to any differences in tax basis of assets distributed, and to make distributions in cash, in specific property, in undivided interests in property, or partly in cash and partly in property. The good faith decisions of my personal representative or trustee in the exercise of these powers shall be conclusive and binding on all parties, and my personal representative or trustee need not make any adjustments among beneficiaries because of any election, decision, or distribution.

6.7    CHANGE IN CORPORATE FIDUCIARY.  If any corporate fiduciary is merged or voluntarily liquidated into or consolidated with another entity having the required fiduciary powers, the successor shall have all powers granted to the original corporate fiduciary.

6.8    NO BENEFIT FOR OTHERS.  I intend to benefit only the persons I have named or described in this instrument.  I do not intend to benefit any other person, including any spouse of any person who is a beneficiary under this instrument.  If the property of any beneficiary is subject to division with his or her spouse because of legal separation or dissolution of marriage, I express my strong desire that any interest that the beneficiary may have in my probate or trust estate not be considered a marital asset.

6.9    GOVERNING LAW. The validity and construction of my Will shall be determined under Oregon law in effect on the date my Will is signed.

6.10   CAPTIONS.  The captions are inserted for convenience only. They are not a part of this instrument and do not limit the scope of the section to which each refers.

6.11   NO CONTEST PROVISION.  If any beneficiary of my estate seeks through any court proceeding to prevent the admission to probate or to contest the validity of this Will or any of its provisions, any share or interest in my estate given to that beneficiary under this Will is hereby revoked.  That share or interest shall be disposed of under this Will as if that beneficiary and his or her descendants did not survive me or, if the beneficiary is not a natural person, as if the beneficiary had ceased to exist without successors or assigns.

I have signed this Will on this 11th day of May, 2021.

*[signature]*
Steven Preslar

**Will of Steven Preslar- Page 3 of 4**

On the date of the foregoing Will of Steven Preslar, I saw him sign it. Upon his

declaration that it was his Will, I signed my name below as a witness.

_Jennifer Schaell_ Residing at Klamath Falls, Oregon

_Rassamally Smith_ Residing at Klamath Falls, Oregon

*Will of Steven Preslar- Page 4 of 4*